# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Alexa Kahn, <br><br> Plaintiff, <br><br> -against- <br><br> HireRight, LLC, <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Alexa Kahn, by and through counsel, and as for this Complaint against Defendant HireRight, LLC ("HireRight" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Background reporting Act ("FCRA").

2. HireRight disbursed such consumer reports (also known as "background reports") about Plaintiff to third parties under a contract for monetary compensation falsely showing Plaintiff was convicted of a felony.

3. However, Plaintiff pled guilty to a misdemeanor, not a felony.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367 and 15 U.S.C. § 1681p *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

6. Plaintiff is a resident of the State of Michigan, County of Emmet.

7. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

8. Defendant HireRight is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

9. HireRight has an address for service at c/o Legalinc Corporate Services, Inc. 336 W. First Street, Suite 113, Flint, MI 48502.

10. HireRight is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

11. At all times material hereto, HireRight disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the above allegations as if set forth here.

### Background

13. On or about November 6, 2021, Plaintiff was allegedly arrested for violating Michigan Compiled Laws ("MCL") § 750.81d (1).

14. On or about February 16, 2022, Plaintiff pleaded guilty to an attempted violation of MCL750.81d (1).

15. Pursuant to MCL 750.92, such a conviction is only a misdemeanor, not a felony.

16. Plaintiff was therefore only convicted of a misdemeanor, not a felony.

17. The State of Michigan, 90th Judicial District Court's disposition records reflect that Plaintiff pled guilty to an attempted violation of § 750.81d (1).

## Violations

18. In or about September 2023, Plaintiff applied for employment as a Representative with Primerica ("Employer").

19. It appeared that Plaintiff would be hired by Primerica for the position she sought.

20. On or about September 14, 2023, Employer conducted a background check of Plaintiff.

21. As part of Employer's background check before hiring Plaintiff, it obtained a consumer report from the Bureau.

22. On information and belief, on date(s) better known to the Bureau, it issued background reports concerning the Plaintiff that included a felony conviction from February 16, 2022.

23. Plaintiff did not have a felony conviction.

24. Plaintiff was only guilty of a misdemeanor.

25. The information being reported by HireRight is inaccurate.

26. Most problematic is that the felony charge hindered Plaintiff's employment.

27. Thereafter, Plaintiff received a denial letter from Employer for consideration of employment due to HireRight's background report.

28. The information furnished by Defendant HireRight is inaccurate.

29. HireRight should not have reported the it as a felony because it was only a misdemeanor conviction and is therefore inaccurate.

30. HireRight has been reporting this inaccurate information through the issuance of false and inaccurate background information and reports that it has disseminated to various persons and employers, both known and unknown.

31. This is particularly so because the conviction in question shows that it was for an "attempted" crime.

32. Yet the Bureau's report does not even note the "attempted" nature of the conviction.

33. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

34. The Bureau's reporting of the above-referenced information continues to be inaccurate and materially misleading.

## Damages

35. As a result of Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

36. Due to Defendant's inaccurate reporting as described above, Plaintiff was denied employment with Primerica.

37. Defendant's erroneous reporting also affected and continues to affect Plaintiff's reputation.

38. Plaintiff suffered damage to her reputation as it falsely appears as if she was convicted of a felony.

39. This falsity was published to one or more third parties.

40. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

41. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of employment, reputational harm, a chilling effect on applications for employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial and having others see the false criminal information.

42. Plaintiff was severely distressed by the ordeal she was put through by Defendant.

43. When Plaintiff reviewed the inaccurate consumer report, she felt mad, frustrated, and humiliated by the gross inaccuracies and false records.

44. Defendant also feared that such reporting could cause further harm.

45. Due to Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

## FIRST CAUSE OF ACTION
**(Violations of 15 U.S.C. § 1681e(b) as to the Bureau)**

46. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

47. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

48. Specifically, the Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report, also known as a background report, and its files that the Bureau maintained or furnished concerning the Plaintiff.

49. The Bureau has willfully and recklessly failed to comply with the Act.

50. In the alternative, the Bureau has negligently failed to comply with the Act.

51. The failure of the Bureau to comply with the Act includes but is not necessarily

limited to the following:

    a.    The failure to establish reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    c.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete; and

    d.    The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the consumer report of the consumer.

52.    As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

53.    The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

54.    Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C. § 1681k(a)(2) as to the Bureau)

55.    Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

56. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

57. 15 U.S.C. § 1681k(a)(2) requires the Bureau to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

58. The Bureau violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

59. The Bureau had actual notice that the information it provided was likely to have an adverse effect on Plaintiff's ability to obtain employment, as Primerica purchased this information from the Bureau to evaluate Plaintiff for employment purposes.

60. The Bureau has willfully and recklessly failed to comply with the Act.

61. In the alternative, the Bureau has negligently failed to comply with the Act.

62. As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

63. The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

64. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

65. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief as this Court may deem just and proper.

Dated:  December 26, 2023

**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*